IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES HICKS, | ) | Case No. 5:23-cv-00001 |
| | ) | |
| *Plaintiff* | ) | |
| | ) | JUDGE SARA LIOI |
| -vs- | ) | |
| | ) | **LOC. R. 37.1 CERTIFICATION OF** |
| | ) | **ATTEMPT TO RESOLVE** |
| | ) | **DISCOVERY DISPUTE** |
| | ) | |
| CITY OF AKRON, et al., | ) | |
| | ) | |
| *Defendants* | ) | |

I, Kirsten L. Smith, declare and make each statement herein under penalty of perjury and certify that the following statements are true and correct:

1. I have personal knowledge of the facts contained herein.

2. I am counsel for Defendants City of Akron, Paul Barnes, Scott Lietke, Samnang Nan, John Turnure, and Gary White in *Charles Hicks v. City of Akron, et al.*, N.D. Ohio No. 5:23-cv-00001.

3. Defendants served Plaintiff with its Request for Production of Documents Directed to Charles Hicks, II ("RPD") on March 28, 2023. A true and accurate copy of the RPD is attached hereto as Exhibit A.

4. Plaintiff responded to Defendants' RPD on June 21, 2023. A true and accurate copy of Plaintiff's Response is attached hereto as Exhibit B.

5. During the deposition of Plaintiff Charles Hicks II on October 18, 2023, I discovered through Mr. Hicks' testimony that Mr. Hicks did not provide Defendants with all of his medical records in response to RPD Numbers Five, Six, Seven, Eight, and Nine.

6. On October 19, 2023, I sent Mr. Hicks' counsel a letter via electronic mail requesting that he supplement Mr. Hicks' responses to Defendants' RPDs with the missing medical records by October 26, 2023. A true and accurate copy of the letter and the e-mail is attached hereto as Exhibit C.

7. Mr. Hicks' Counsel acknowledged that he read the e-mail containing the letter on October 19, 2023, by sending a "Read Receipt." A true and accurate copy of the Read Receipt is attached hereto as Exhibit D.

8. I sent a follow-up e-mail to Mr. Hicks' counsel on October 27, 2023, the discovery cutoff date, to request the status of the missing medical records. A true and accurate copy of the e-mail is attached hereto as Exhibit E.

9. Mr. Hicks' counsel responded that he had requested the missing records, but had not yet received them. A true and accurate copy of the e-mail is attached hereto as Exhibit F.

10. As of November 3, 2023, Defendants have not received the complete responses to RPD Numbers Five, Six, Seven, Eight, and Nine.

11. I have made sincere, good faith efforts to obtain the medical records prior to seeking Court intervention.

12. I filed a Motion for a Telephonic Conference to Resolve Discovery Dispute within ten days of the discovery cutoff date, as required by Loc. R. 37.1.

I, Kirsten L. Smith, declare under penalty of perjury that the foregoing is true and correct.

Executed on November 3, 2023

Kirsten L. Smith

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES HICKS, II | ) | Case No. 5:23-cv-00001 |
| | ) | |
| Plaintiff | ) | JUDGE SARA LIOI |
| | ) | |
| -vs- | ) | **DEFENDANTS' REQUEST FOR** |
| | | **PRODUCTION OF DOCUMENTS** |
| | ) | **DIRECTED TO CHARLES HICKS, II** |
| CITY OF AKRON, OHIO, et al. | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

Defendants, City of Akron, John Turnure, Samnang Nan, Gary White, Paul Barnes, Heath Smith and Scott Lietke request Plaintiff, Charles Hicks, II, to respond to the following Request for Request for Production of Documents hereinafter propounded. Demand is respectfully made that the responses and documents be served within thirty (30) days from service thereof upon the undersigned, 161 S. High Street, Suite 202, Akron, Ohio 44308.

These Requests for Production of Documents are continuing and, to the extent that the answers may be enlarged, diminished, or otherwise modified by information acquired by Plaintiff, Charles Hicks, II, or his attorney, subsequent to the filing of Plaintiff's initial answer hereto, Plaintiff and his attorney are requested to serve promptly thereafter and file supplemental answers reflecting such changes.

1

Whenever the word "Plaintiff" is used, it means the Plaintiff, Charles Hicks, II, and any of the agents, attorneys, or investigators of Plaintiff. The term "you" means Charles Hicks, II or anyone acting on behalf of Charles Hicks, II.

The term "document" (or "documents") as used in these Requests, includes, without limitation, writings, photographs, recordings, prints, letters, reports, memoranda and other data compilations from which information can be obtained, including copies thereof produced by mechanical or photographic or other means of reproduction of whatsoever nature, which are in the possession or control of the Plaintiff or his counsel, or agents.

## DEFENDANTS' REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1:

Produce working papers, notes, calculation, diagrams, photographs, models, exhibits, and other documents, including reports and factual observations, prepared or reviewed by an expert who will testify at trial.

RESPONSE:

REQUEST N0. 2:

Produce copies of all transcripts of testimony previously provided by an individual identified by you as an expert witness.

RESPONSE:

REQUEST N0. 3:

Produce treatises, rules, regulations, guidelines, statutes, policies, procedures, and any other authoritative materials considered in forming an opinion by any expert who will testify at trial.

RESPONSE:


REQUEST N0. 4:

Produce all photographs, videotapes, cellular phone recordings or surveillance camera footage, and drawings that depict anything related to the incident in the Amended Complaint.

RESPONSE:


REQUEST N0. 5:

Produce all documents establishing any physical or psychological/emotional injury claimed by you as a result of the incidents and events alleged in the Amended Complaint.

RESPONSE:


REQUEST N0. 6:

Produce all medical records, office notes or diagnostic tests pertaining to treatment sought or received as a result of the incident in the Amended Complaint.

3

RESPONSE:

REQUEST N0. 7:

Produce all other documents relating to the treatment of the physical or emotional injuries you sustained as a result of this incident in the Amended Complaint.

RESPONSE:

REQUEST N0. 8:

Produce all medical bills or other statements for all treatment (medical doctors, chiropractors, counselors, psychiatrists, psychologists, DO's, and thrapists) for injuries or conditions caused by the incident in the Amended Complaint.

RESPONSE:

REQUEST N0. 9:

Produce all medical records, office notes or diagnostic tests pertaining to treatment sought or received relating to your alleged emotional distress or other psychological conditions caused by the incident in the Amended Complaint.

RESPONSE:

REQUEST NO. I 0:

Produce all documents showing any alleged loss of employment or wages resulting from the incident in the Amended Complaint.

RESPONSE:

REQUEST NO. I I:

Produce all documents used to state the total amount of money you believe would provide reasonable compensation for the non-economic losses you suffered or are likely to suffer as a result of the incident in the Amended Complaint.

RESPONSE:

REQUEST N0.  12:

Produce all documents used to describe the method by which you calculated the total amount of money you believe would provide reasonable compensation for the noneconomic losses you suffered or are likely to suffer as a result of the incident in the Amended Complaint.

RESPONSE:

REQUEST NO. 13:

Produce all documents used to state the total amount of money you believe would provide reasonable compensation for the economic losses you suffered or are likely to suffer as a result of the incident in the Amended Complaint.

RESPONSE:

REQUEST NO.  14:

Produce all documents used to describe the method by which you calculated the total amount of money you believe would provide reasonable compensation for the economic losses you suffered or are likely to suffer as a result of the incident in the Amended Complaint.

RESPONSE:

REQUEST NO. 15:

Produce all documents used to state the total amount of money you seek in this case.

RESPONSE:

REQUEST NO. 16:

Produce all portions of your income tax returns relating to any source of income (whether passive, active or investment), including W-2 forms, schedules and all other attachments relating to income or remuneration, for each of the past five (5) years.

RESPONSE:

REQUEST NO. 17:

Produce all doctors' reports, intake questionnaires, charts, medical histories, test results, notes, diagnoses, or any other similar medical documents regarding your physical or mental condition involving any injuries or damages for which you are seeking recovery in this lawsuit.

RESPONSE:

REQUEST NO. 18:

Produce a copy of any written custom, policy, or practice that you believe the City of Akron had adopted, implemented, and/or enforced and that you allege caused  any deprivation of your rights.

RESPONSE:

7

REQUEST NO. 19:

Produce any document that discusses or describes any unwritten custom, policy, or practice that you believe the City of Akron had adopted, implemented, and/or enforced and that you allege caused a deprivation of your rights.

RESPONSE:

REQUEST NO. 20:

Produce a copy of any written rule, regulation, or directive policy that you believe the City of Akron had adopted, implemented, and/or enforced and that you allege caused a deprivation of your rights.

RESPONSE:

REQUEST NO. 21:

Produce any document that discusses or describes any unwritten rule, regulation, or directive policy that you believe the City of Akron had adopted, implemented, and/or enforced and that you allege caused a deprivation of your rights.

8

RESPONSE:

REQUEST NO. 22:

Produce any document that identifies, discusses, or describes any training that you believe the City of Akron should have provided to its police officers prior to the incident and that you allege would have prevented a deprivation of your rights.

RESPONSE:

REQUEST NO. 23:

Produce any document that identifies, discusses, or describes any supervision that you believe the City of Akron should have provided to its police officers prior to the incident and that you allege would have prevented a deprivation of your rights.

RESPONSE:

<u>REQUEST NO. 24</u>:

Produce any document that identifies, discusses, or describes any discipline that you believe the City of Akron should have imposed upon its police officers prior to the incident and that you allege would have prevented a deprivation of your rights.

RESPONSE:


<u>REQUEST NO. 25</u>:

If you allege or contend that, prior to the incident, there was a pattern of wrongdoing or unlawful action by City of Akron police officers that was similar to the alleged wrongdoing or unlawful action about which you now complain and of which the City should have been aware, produce the document that identifies, discusses, or describes each such alleged incident.

RESPONSE:

Respectfully submitted,

Eve V. Belfance
Director of Law


/s/Michael J. Defibaugh
John Christopher Reece- No. 0042573
JReece@akronohio.gov
Michael J. Defibaugh- No. 0072683
MDefibaugh@akronohio.gov
Assistant Directors of Law
161 S. High Street, Suite 202
Akron, Ohio 44308
(330) 375-2030 FAX: (330) 375-2041



CERTIFICATE OF SERVICE

This is to certify that on March 28, 2023, a true and accurate copy of the foregoing

Requests for Production of Documents Directed to Plaintiff Charles Hicks, II was sent by

electronic transmission to:


Attorney Eddie Sipplen

esipplen@sipplen.com




/s/Michael J. Defibaugh
Michael J. Defibaugh- No. 0072683

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHARLES HICKS, II** | ) | **Case No. 5:23-cv-00001** |
| | ) | |
| **Plaintiff** | ) | **JUDGE SARA LIOI** |
| | ) | |
| **-vs-** | ) | **PLAINTIFF CHARLES HICKS, II** |
| | | **RESPONSE TO DEFENDANTS'** |
| | ) | **REQUEST FOR PRODUCTION OF** |
| **CITY OF AKRON, OHIO, et al.** | ) | **DOCUMENTS DIRECTED TO** |
| | ) | **CHARLES HICKS, II** |
| | ) | |
| **Defendants** | ) | |
| | ) | |

**PLAINTIFF'S RESPONSES DEFENDANTS' REQUESTS FOR PRODUCTION OF**
**DOCUMENTS**

**PRELIMINARY STATEMENT**

Plaintiff, Charles Hicks, II,("Plaintiff"), hereby objects to the form of each discovery

request to the extent it incorporates any definition or instruction set forth by Defendants or

Defendants' attorney. By responding to these discovery requests, Plaintiff does not adopt any

instruction, definition or characterization of any term used by Defendants or Defendants'

attorney.  In responding to these discovery requests, Plaintiff gives all terms their ordinary

meaning unless otherwise indicated.

1

Charles Hicks, II,.'s search for information is ongoing. Consequently, these responses are made without prejudice to Charles Hicks, II right to present additional evidence or contentions at trial based upon information subsequently discovered or brought to their attention during the pendency of this case. To the extent any subsequently discovered information renders any initial response incomplete, incorrect, or otherwise subject to supplementation, Plaintiff reserves the right to modify and/or supplement these responses and will do so as required by the Federal Rules of Civil Procedure.

The word usage and sentence structure of the responses to these discovery requests are those of the attorneys assisting in the preparation of these responses and objections and do not purport to be the precise language of the executing party.

To the extent these discovery requests seek to impose upon Plaintiff greater or broader obligations than those imposed by the Federal Rules of Civil Procedure, Plaintiff declines to assume those obligations.

All information is provided without in any way waiving or intending to waive, but on the contrary intending to preserve:

A.      All questions as to the competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose, of the information provided herein, in any subsequent proceedings in, or the trial of, this or any other action;

B.      The right to object to the use of any of the information produced herein in any subsequent proceedings in, or the trial of, this or any other action;

2

C.    The right to object on any grounds, at any time, to a demand for further interrogatories, document requests, or other discovery procedures involving or relating to the documents produced; and

D.    The right at any time to review, correct, add to, or clarify any of the responses or objections to these Requests.

## GENERAL OBJECTIONS

1.    Plaintiff objects to these Requests to the extent that they impose obligations greater than those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or any orders of this Court.

2.    Plaintiff objects to these Requests to the extent that they seek information or documents subject to the attorney-client privilege, work product doctrine, or that are otherwise privileged, confidential, or immune from

discovery.

3.    Plaintiff objects to these Requests to the extent that they seek information and/or documents not in Defendants' possession, custody or

control.

4.    Plaintiff objects to these Requests to the extent that they seek the creation of any document or compilation of information.

5.    Plaintiff objects to these Requests as overly broad and unduly burdensome to the extent that they contemplate Plaintiff summarizing or otherwise reporting the contents of voluminous documents.

These general objections apply to each and every Request propounded by Defendants. Without waiving any of the foregoing general objections and without waiving objection specifically made, Plaintiff hereby answers the Requests as set forth herein.

## **DOCUMENTS REQUESTED**

REQUEST NO. 1:

Produce working papers, notes, calculation, diagrams, photographs, models, exhibits, and other documents, including reports and factual observations, prepared or reviewed by an expert who will testify at trial.

RESPONSE:

**To be determined. Requested information will be provided within the timeframe provided within the timeframe specified in the Court's April 26, 2023 Case Management Conference Plan/Order.**

REQUEST N0. 2:

Produce copies of all transcripts of testimony previously provided by an individual identified by you as an expert witness.

RESPONSE:

**Objection. This request is overly broad and burdensome. Additionally, it requires Plaintiff to produce documentation not in his possession. Whether an expert is utilized or not is to be determined.**

**Subject to the foregoing objection: To be determined. Requested information will be provided within the timeframe provided within the timeframe specified in the Court's April 26, 2023 Case Management Conference Plan/Order.**

REQUEST N0. 3:

Produce treatises, rules, regulations, guidelines, statutes, policies, procedures, and any other authoritative materials considered in forming an opinion by any expert who will testify at trial.

RESPONSE:

**To be determined. Requested information will be provided within the timeframe provided within the timeframe specified in the Court's April 26, 2023 Case Management Conference Plan/Order.**

REQUEST N0. 4:

Produce all photographs, videotapes, cellular phone recordings or surveillance camera footage, and drawings that depict anything related to the incident in the Amended Complaint.

RESPONSE:

**Objection. Many of the requested documents/items are within the possession of one or more of the Defendants. Additionally, this request is overly burdensome. There is over 35 Gigabytes of body worn video footage that was provided as part of the discovery in the Akron Municipal Court Case 21CR01089 from Evidence.com by the City of Akron's Law Department.**

**Subject to the foregoing objection, see documents produced herewith.  Paper documents provided in the above referenced case. Please advise as to how you want to handle the voluminous body camera footage.**

REQUEST N0. 5:

Produce all documents establishing any physical or psychological/emotional injury claimed by you as a result of the incidents and events alleged in the Amended Complaint.

RESPONSE:

**See medical/psychological records provided.**

REQUEST N0. 6:

Produce all medical records, office notes or diagnostic tests pertaining to treatment sought or received as a result of the incident in the Amended Complaint.

RESPONSE:

**See medical/psychological records provided.**

REQUEST N0. 7:

Produce all other documents relating to the treatment of the physical or emotional injuries you sustained as a result of this incident in the Amended Complaint.

RESPONSE:

**See medical/psychological records provided.**

REQUEST N0. 8:

Produce all medical bills or other statements for all treatment (medical doctors, chiropractors, counselors, psychiatrists, psychologists, DO's, and therapists) for injuries or conditions caused by the incident in the Amended Complaint.

RESPONSE:

**See medical/psychological records provided.**

REQUEST N0. 9:

Produce all medical records, office notes or diagnostic tests pertaining to treatment sought or received relating to your alleged emotional distress or other psychological conditions caused by the incident in the Amended Complaint.

RESPONSE:

**See medical/psychological records provided.**

REQUEST NO. I 0:

Produce all documents showing any alleged loss of employment or wages resulting from the incident in the Amended Complaint.

RESPONSE:

**Amount of economic losses to be determined. Will Supplement.**

REQUEST NO. I I:

Produce all documents used to state the total amount of money you believe would provide reasonable compensation for the non-economic losses you suffered or are likely to suffer as a result of the incident in the Amended Complaint.

RESPONSE:

**Objection. The amount of non-economic compensation is an amount to be determined by a jury.**

**Subject to the foregoing objection, Plaintiff responds as follows: Punitive up to $1million in damages are recoverable in sec. 1983 suit where defendant's conduct is motivated by an evil motive or intent, or where it involves reckless or callous indifference to plaintiff's federally protected rights." Smith v. Wade, 461 U.S. 30, 50 –51(1983); Clark v. Taylor, 710 F.2d 4, 14(1st Cir. 1983).**

REQUEST N0. 12:

Produce all documents used to describe the method by which you calculated the total amount of money you believe would provide reasonable compensation for the noneconomic losses you suffered or are likely to suffer as a result of the incident in the Amended Complaint.

RESPONSE:

**Objection. The amount of non-economic compensation is an amount to be determined by a jury.**

**Subject to the foregoing objection, Plaintiff responds as follows: Punitive up to $1million in damages are recoverable in sec. 1983 suit where defendant's conduct is motivated by an evil motive or intent, or where it involves reckless or callous indifference to plaintiff's federally protected rights." Smith v. Wade, 461 U.S. 30, 50 –51(1983); Clark v. Taylor, 710 F.2d 4, 14(1st Cir. 1983).**

REQUEST NO. 13:

Produce all documents used to state the total amount of money you believe would provide reasonable compensation for the economic losses you suffered or are likely to suffer as a result of the incident in the Amended Complaint.

RESPONSE:

**Amount of economic losses to be determined.**

REQUEST NO. 14:

Produce all documents used to describe the method by which you calculated the total amount of money you believe would provide reasonable compensation for the economic losses you suffered or are likely to suffer as a result of the incident in the Amended Complaint.

RESPONSE:

**Amount of economic losses to be determined.**

REQUEST NO. 15:

Produce all documents used to state the total amount of money you seek in this case.

RESPONSE:

**Objection. The amount of money sought in this matter is the maximum amount allowable by law and/or awarded by a jury.**

**Subject to the foregoing objection, Plaintiff responds as follows: Punitive up to $1million in damages are recoverable in sec. 1983 suit where defendant's conduct is motivated by an evil motive or intent, or where it involves reckless or callous indifference to plaintiff's federally protected rights." Smith v. Wade, 461 U.S. 30, 50 –51(1983); Clark v. Taylor, 710 F.2d 4, 14(1st Cir. 1983).**

8

REQUEST NO. 16:

Produce all portions of your income tax returns relating to any source of income (whether passive, active or investment), including W-2 forms, schedules and all other attachments relating to income or remuneration, for each of the past five (5) years.

RESPONSE:

**Objection. Tax returns are required to be kept only 3 years after they are filed. he IRS recommends taxpayers keep their returns and any supporting documentation for three years after the date of filing; after that, the statute of limitations for an IRS audit expires.**

**Subject to the foregoing objection, Plaintiff is gathering his tax returns and will supplement this request.**

REQUEST NO. 17:

Produce all doctors' reports, intake questionnaires, charts, medical histories, test results, notes, diagnoses, or any other similar medical documents regarding your physical or mental condition involving any injuries or damages for which you are seeking recovery in this lawsuit.

RESPONSE:

**See medical/psychological records provided.**

REQUEST NO. 18:

Produce a copy of any written custom, policy, or practice that you believe the City of Akron had adopted, implemented, and/or enforced and that you allege caused any deprivation of your rights.

RESPONSE:

**Objection. Many of the requested documents/items are within the possession of one or more of the Defendants. They have been requested in discovery, but has not as yet been provided.**

9

REQUEST NO. 19:

Produce any document that discusses or describes any unwritten custom, policy, or practice that you believe the City of Akron had adopted, implemented, and/or enforced and that you allege caused a deprivation of your rights.

RESPONSE:

**Objection. Many of the requested documents/items are within the possession of one or more of the Defendants. They have been requested in discovery, but has not as yet been provided.**

REQUEST NO. 20:

Produce a copy of any written rule, regulation, or directive policy that you believe the City of Akron had adopted, implemented, and/or enforced and that you allege caused a deprivation of your rights.

RESPONSE:

**Objection. Many of the requested documents are within the possession of one or more of the Defendants. They have been requested in discovery but has not as yet been provided.**

REQUEST NO. 21:

Produce any document that discusses or describes any unwritten rule, regulation, or directive policy that you believe the City of Akron had adopted, implemented, and/or enforced and that you allege caused a deprivation of your rights.

RESPONSE:

**Objection. Many of the requested documents are within the possession of one or more of the Defendants. They have been requested in discovery but has not as yet been provided.**

REQUEST NO. 22:

Produce any document that identifies, discusses, or describes any training that you

believe the City of Akron should have provided to its police officers prior to the incident and that

you allege would have prevented a deprivation of your rights.

RESPONSE:

**Objection. Many of the requested documents are within the possession of one or more of the
Defendants. They have been requested in discovery but has not as yet been provided.**

REQUEST NO. 23:

Produce any document that identifies, discusses, or describes any supervision that you

believe the City of Akron should have provided to its police officers prior to the incident and that

you allege would have prevented a deprivation of your rights.

RESPONSE:

**Objection. Many of the requested documents/items are within the possession of one or more
of the Defendants. They have been requested in discovery, but has not as yet been provided.**

REQUEST NO. 24:

Produce any document that identifies, discusses, or describes any discipline that you

believe the City of Akron should have imposed upon its police officers prior to the incident and

that you allege would have prevented a deprivation of your rights.

RESPONSE:

**Objection. Many of the requested documents/items are within the possession of one or more
of the Defendants. They have been requested in discovery, but has not as yet been provided.**

REQUEST NO. 25:

If you allege or contend that, prior to the incident, there was a pattern of wrongdoing or

unlawful action by City of Akron police officers that was similar to the alleged wrongdoing or

unlawful action about which you now complain and of which the City should have been aware,

produce the document that identifies, discusses, or describes each such alleged incident.

RESPONSE:

**Objection. Many of the requested documents/items are within the possession of one or more of the Defendants. They have been requested in discovery but has not as yet been provided. The allegations of the Plaintiff are contained in the Amended Complaint. Additionally, the term "similar" is so argumentative that this request cannot be responded to.**

Respectfully submitted,

*/S/ EMSipplen*

Dated: June 15, 2023
_____
Eddie Sipplen (OH S.Ct. # 0076712)
Eddie Sipplen Attorney At Law, LLC
1655West Market Street, Ste 505
Akron, OH 44313
Ph: 330-374-5600
Email: esipplen@sipplen.com

### CERTIFICATE OF SERVICE

This is to certify that on June 15, 2023, a true and accurate copy of the foregoing Responses to Defendant(s) Request For Production of Documents was  hand delivered to:

John Christopher Reece- No. 0042573
JReece@akronohio.gov
Michael J. Defibaugh- No. 0072683
MDefibaugh@akronohio.gov
 Assistant Directors of Law
161 S. High Street, Suite 202
Akron, Ohio 44308

*/S/ EMSipplen*
_____

12

**EXHIBIT C**



**DEPARTMENT OF LAW**

**DANIEL HORRIGAN, MAYOR**

**EVE V. BELFANCE**
Director of Law

**J. CHRISTOPHER REECE**
Deputy Director of Law

**MICHAEL J. DEFIBAUGH**
Assistant Director of Law

**KIRSTEN L. SMITH**
Assistant Director of Law

October 19, 2023

*<u>Via electronic mail only:</u>*
Eddie Sipplen
Eddie Sipplen Attorney at Law, LLC
1655 W. Market St., Ste. 505
Akron, OH 44313
esipplen@sipplen.com

Re:  ***Hicks v. City of Akron, et al.***, N.D. Ohio No. 5:23-cv-00001
    **Plaintiff's Responses to Defendants' Discovery Requests**

Dear Attorney Sipplen:

Per our conversation yesterday and in light of the testimony offered by Mr. Hicks, Defendants, City of Akron, John Turnure, Samnang Nan, Gary White, Paul Barnes, Heath Smith, and Scott Lietke (collectively, "Defendants") are asking that Mr. Hicks supplement his response to Defendants' Request for Production of Documents ("RPD"). Specifically, Defendants request that Mr. Hicks supplement his responses to RPD numbers five, six, seven, eight, and nine by providing any and all medical records that you have not already produced documenting Mr. Hicks' counselling, psychological, or any other medical treatments, including records of Mr. Hicks' treatments by Logistics Health Incorporated, Army One Source, and Christine Thomas.

The Defendants respectfully request that Mr. Hicks supplement his Responses to Defendants' Request for Production of Documents **within seven days of the date of this letter, or by October 26, 2023.** If Defendants do not receive a response by October 26, 2023, we will file a motion to compel with the Court and seek fees in connection with that motion.

If you wish to discuss this matter, you may contact myself, Michael J. Defibaugh, or John Christopher Reece

Sincerely,

Kirsten L. Smith
ASSISTANT DIRECTOR OF LAW

| | |
|---|---|
| **From:** | Smith, Kirsten |
| **To:** | esipplen@sipplen.com |
| **Cc:** | Reece, John Christopher; Defibaugh, Michael |
| **Subject:** | Hicks v. City of Akron et al. - Additional Medical Records |
| **Date:** | Thursday, October 19, 2023 10:31:00 AM |
| **Attachments:** | Civ.R. 37 Letter.Hicks.523-cv-00001 (10-19-23).pdf |
| | image001.png |

Eddie,

Please find the attached correspondence requesting that Mr. Hicks supplement his response to Defendants' Request for Production of Documents by October 26, 2023.

Sincerely,



**Kirsten L. Smith**
Assistant Director of Law

**Phone**  (330) 375-2030
**Web**  http://www.akronohio.gov
**Email**  klsmith@akronohio.gov
**Address**  172 S. Broadway Street, Suite 200
            Akron, Ohio 44308

**EXHIBIT D**

| | |
|---|---|
| **From:** | esipplen@sipplen.com |
| **To:** | Smith, Kirsten |
| **Subject:** | Read: Hicks v. City of Akron et al. - Additional Medical Records |
| **Date:** | Thursday, October 19, 2023 5:39:39 PM |
| **Attachments:** | Read Hicks v. City of Akron et al. - Additional Medical Records.msg |

This email originated outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

## EXHIBIT E

| | |
|---|---|
| **From:** | Smith, Kirsten |
| **To:** | esipplen@sipplen.com |
| **Cc:** | Reece, John Christopher; Defibaugh, Michael |
| **Subject:** | RE: Hicks v. City of Akron et al. - Additional Medical Records |
| **Date:** | Friday, October 27, 2023 9:05:00 AM |
| **Attachments:** | Civ.R. 37 Letter.Hicks.523-cv-00001 (10-19-23).pdf |
| | image001.png |

Good morning Eddie,

Just following up on the below matter, as today is the discovery cutoff. Can you advise on the status of the missing medical records? I've attached our October 19, 2023 correspondence for reference.

Thank you,

Kirsten

**From:** Smith, Kirsten
**Sent:** Thursday, October 19, 2023 10:32 AM
**To:** esipplen@sipplen.com
**Cc:** Reece, John Christopher <JReece@akronohio.gov>; Defibaugh, Michael <MDefibaugh@akronohio.gov>
**Subject:** Hicks v. City of Akron et al. - Additional Medical Records

Eddie,

Please find the attached correspondence requesting that Mr. Hicks supplement his response to Defendants' Request for Production of Documents by October 26, 2023.

Sincerely,



**Kirsten L. Smith**
Assistant Director of Law

**Phone**  (330) 375-2030
**Web**    http://www.akronohio.gov
**Email**   klsmith@akronohio.gov
**Address** 172 S. Broadway Street, Suite 200

          Akron, Ohio 44308

**EXHIBIT F**

| | |
|---|---|
| **From:** | esipplen@sipplen.com |
| **To:** | Smith, Kirsten |
| **Cc:** | Reece, John Christopher; Defibaugh, Michael |
| **Subject:** | RE: Hicks v. City of Akron et al. - Additional Medical Records |
| **Date:** | Friday, October 27, 2023 10:21:58 AM |
| **Attachments:** | image001.png |

**This email originated outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.**

Kirsten,

The additional records have been requested. When I receive them from his provider, I will forward them to you as supplement. I'm not in control of when they respond.

*EMSipplen*

**Eddie Sipplen Attorney At Law, LLC**
**1655 West Market Street, Ste 505**
**Akron, OH 44313**
**(330)-374-5600**
**FAX: 330-805-4496**

CONFIDENTIALITY NOTICE:  THIS ELECTRONIC MAIL TRANSMISSION AND ANY ATTACHMENTS HERETO IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, ATTORNEY WORK PRODUCT, CONFIDENTIAL, OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.  IT IS NOT INTENDED FOR TRANSMISSION TO OR RECEIPT BY ANY UNAUTHORIZED PERSON.  IF YOU HAVE RECEIVED THIS ELECTRONIC MESSAGE IN ERROR OR ARE NOT THE NAMED RECIPIENT PLEASE DELETE THIS MESSAGE FROM YOUR COMPUTER SYSTEM IMMEDIATELY AND NOTIFY THE SENDER OF THE ERROR BY REPLYING TO THE E-MAIL.  THANK YOU.

**From:** Smith, Kirsten <KLSmith@akronohio.gov>
**Sent:** Friday, October 27, 2023 9:05 AM
**To:** esipplen@sipplen.com
**Cc:** Reece, John Christopher <JReece@akronohio.gov>; Defibaugh, Michael <MDefibaugh@akronohio.gov>
**Subject:** RE: Hicks v. City of Akron et al. - Additional Medical Records

Good morning Eddie,

Just following up on the below matter, as today is the discovery cutoff. Can you advise on the status of the missing medical records? I've attached our October 19, 2023 correspondence for reference.

Thank you,

Kirsten

**From:** Smith, Kirsten
**Sent:** Thursday, October 19, 2023 10:32 AM
**To:** esipplen@sipplen.com
**Cc:** Reece, John Christopher <JReece@akronohio.gov>; Defibaugh, Michael <MDefibaugh@akronohio.gov>
**Subject:** Hicks v. City of Akron et al. - Additional Medical Records

Eddie,

Please find the attached correspondence requesting that Mr. Hicks supplement his response to Defendants' Request for Production of Documents by October 26, 2023.

Sincerely,



**Kirsten L. Smith**
Assistant Director of Law

**Phone**    (330) 375-2030
**Web**       http://www.akronohio.gov
**Email**     klsmith@akronohio.gov
**Address** 172 S. Broadway Street, Suite 200
                   Akron, Ohio 44308