| | | |
|---|---|---|
| **CHARLES HICKS, II** | ) | Case No. 5:23-cv-00001 |
| | ) | |
| Plaintiff | ) | **JUDGE SARA LIOI** |
| | ) | |
| | ) | **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS CITY OF AKRON, JOHN TURNURE, SAMNAN NAN, GARY WHIE, PAUL BARNES, HEATH SMITH AND SCOTT LIETKE MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV.P.12(c).** |
| -vs- | ) | |
| | ) | |
| **CITY OF AKRON, OHIO, et al.** | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

Now comes Plaintiff, Charles Hicks, II, by and through undersigned counsel, and hereby request this court to deny Defendants Motion for Judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). As stated in the attached memorandum, the defendants' motion should be denied.

**A. BACKGROUND**

On the night of February 7, 2021 Akron Police Officer Hensley and Hall responded to Charles Hicks home regarding a domestic disturbance call. Upon their arrival Defendant Officers Hensely and Hall knocked on Hicks's door and asked him to come outside and talk to them. Mr. Hicks refused and started ranting at the officers. More officers arrived and asked Hicks to either come out of his home and talk with them. At this time Hicks exited his home and stood on his front porch. Officers continue to ask Hicks to step off the porch and talk to them. At no time prior to attacking and arresting Hicks did any officer advise Hicks that he was under arrest. As such, their request for Hicks to come out of the house or step off the porch to talk to the officers was not a

1

lawful command that Hicks was obligated to obey. The officers repeatedly requested Hicks to voluntarily come out and talk with them and/or come off the porch to speak with them.

Hicks did not threaten the officers, make threatening gestures nor make aggressive actions towards the officers in an attempt to resist arrest. During this interaction with Hicks and without probable cause to do so, Officers Gary White and John Turnure made the decision to go "hands on" and arrest Hicks. The officers, including Turnure attacked Hicks and slammed him to the ground from his porch.

Per the video footage from Officer Turnure's Body Worn Camera, while Hicks was under arrest and handcuffed while being held by six officers, Turnure repeatedly obstructed Hicks's repeatedly forced snow into Hicks' mouth and subsequently covered Hicks nose and mouth so as to obstruct Hicks'breathin. Turnure repeated this action at least three times.

As shown by Turnure's body worn camera video, during Hicks' arrest, Turnurer continued his activity of blocking Hicks' mouth and nose with his hands and snow. The body worn camera audio reveals that Hicks was struggling to breathe and advising officers that he could not breathe. In spite of this, Turnure continued his activities restricting Hicks's airway and none of the other arresting officers stopped him.

On or about March 5, 2021, the City of Akron's Office of Police Standards and Accountability (" hereinafter referred to as " Internal Affairs") was notified of the incident and on March 8, 2021 began its investigation into

the use of force utilized during Hick's arrest.

The Akron Police Department Internal Affairs interviewed eight officers and a supervisor to determine if the actions taken by Turnure were reasonable and in compliance with the Akron Police Department Policies and Procedures. With the exception of Defendant Romine, who stated Turnure's actions were reasonable or Defendant White who said he was unsure, all officers interviewed stated that they would not have done it themselves or it was not reasonable.

The interview of defendants White and Smith revealed that Turnure told him of his actions and that they knew of Turnure's actions and failed to report the information as required by the Akron Police Department's policies and procedures regarding use of force. Additionally, none of the responding officers reported Turnure's actions in their Use of Force Reports. Defendant Turnure declined to be interviewed by Internal Affairs.

On or about March 30, 2022 during the midst of the Internal Affairs investigation of criminal charges against him, Defendant Turnure resigned from the police department. Due to Turnure's resignation Internal Affairs subsequently completed its investigation and failed to recommend criminal charges against Defendant Turnure and advised that since Turnure had resigned, no internal disciplinary action could or would be taken.

On or about July 22, 2022, after refusing a plea offer that included him signing an agreement not to the City of Akron and its police officers, Hicks ultimately entered a No Contest Plea to Resisting Arrest in Akron Municipal Court Case 21CRB01089. The Domestic Violence charge was dismissed.

On January 2, 2023, Charle Hicks II filed a complaint in Federal Court alleging various federal and state claims stemming from his arrest. On January 10, 2023 Mr. Hicks Amended his federal complaint.  The complaint alleges that the amount of force used by Officer Turnure was excessive to effect the arrest and that the amount of force was violative of Mr. Hicks constitutional rights under the U.S. Constitution.

### B.  LAW AND ARGUMENT

Federal Rule of Civil Procedure 12 (c) provides that a party may move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. This Court may treat a motion for judgment on the pleadings according to the same standard as a motion to dismiss under Rule 12(b)(6). *Mixon v. Ohio,* 193 F.3d 389, 399 (6th Cir. 1999). The Court must construe the contested pleading in the light most favorable to the non-moving party, and determine whether the non-moving party "undoubtedly" can prove no set of facts in support of the claims that would entitle him to relief. *Id.* at 399-400. The Court accepts all of the non-moving party's factual allegations as true,  *U.S. v. Moriarty,* 8 F.3d 329, 332 (6th Cir. 1993), but need not accept as true legal conclusions or unwarranted factual inferences. *Mixon,* 193 F.3d at 400 (citing *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12(6th Cir. 1987)).

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard. *Smith v. City of Salem,* 378 F.3d 566, 576 n.1 (6th Cir. 2004). Rule 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed.

2d 80 (1957)). Detailed factual allegations are not required, but "a [party's] obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly,* 550 U.S. at 555. A formulaic recitation of the elements of a cause of action will not do. *Id.* A pleading "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436-37 (6th Cir. 1988).

The facts at issue on a 12(b)(6) motion are those alleged in the complaint, not those a defendant would prefer alleged. "A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Lambert v. Hartman,* 517 F.3d 433, 439 (6th Cir. 2008). Because "the attack is on the sufficiency of the complaint, the defendant cannot set or alter the terms of the dispute, but must demonstrate that the plaintiff's claim, as set forth by the complaint, is without legal consequence." *Gomez v. Illinois State Bd. Of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). Therefore, the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Travel Agent Commission Antitrust Litig.,* 583 F.3d 896, 903 (6th Cir. 2009); *accord Carter v. Ford Motor Co.*, 561 F.3d 562, 567(6th Cir. 2009) (when deciding Rule 12(b)(6) motions, courts should apply "the extremely modest standard of notice pleading, which directs courts to construe pleading[s] liberally"). Thes principles are particularly relevant here because the Defendants' arguments are based in part on mischaracterizations of the Complaint and First Amended Complaint's allegations. Thus, for purposes of this motion, the

5

allegations of Plaintiff's First Amended Complaint must be accepted as true drawing all reasonable inferences in favor of Hicks.

1. **Defendants are Prohibited from Using Hicks' Plea of No Contest against Him.**

As a general rule, a district court may not consider matters outside the pleadings when ruling on a Rule 12(b)(6) or [Rule 12(c)] motion to dismiss without converting the motion into one for summary judgment. Gavitt v. Born, 835 F.3d 623, 640 (6th Cir. 2016); see Fed. R. Civ. P. 12(d). However, "when a document is referred to in the complaint and is central to the plaintiff's claim," a defendant "may submit an authentic copy [of the document] to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment." *Greenberg v. Life Ins. Co. of Va.,* 177 F.3d 507, 514 (6th Cir. 1999) (quotation omitted). This can include "exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss." *Gavitt, 835 F.3d at 640*. Though the No Contest Plea journal entry nor a transcript of the plea hearing are attached to either the initial or amended complaint, Hicks directly and indirectly refers to each one in his amended complaint and they are central to his claims. As such, the Court may consider the documents submitted with Defendants' motion without converting the motion into one for summary judgment. See *Weiner v. Klais & Co., Inc.,* 108 F.3d 86, 89 (6th Cir. 1997*)* (where the plaintiff does not refer directly to given documents in the pleadings, if those documents govern the plaintiff's rights and are necessarily incorporated by reference, then the motion need not be converted to one for summary judgment); see also *Hudson v. Genesee Intermediate Sch. Dist., No. 13-12050,* 2013 U.S. Dist. LEXIS 167399, 2013 WL

6

6163220, at *1 n.1 (E.D. Mich. Nov. 25, 2013*)* (finding that plaintiff's right to sue letter, although not attached to the complaint but instead attached as an exhibit to defendant's motion to dismiss, was central to plaintiff's claim and therefore court did not convert defendant's motion to dismiss into a motion for summary judgment).

As for the remaining exhibits (i.e., affidavit of Samantha Matz) is not directly referenced in the amended complaint and, in any event, it is not integral to Hicks' amended complaint. See *Gregory v. CitiMortgage, Inc.,* 890 F. Supp. 2d 791, 796 (E.D. Mich. 2012*)* ("[B]ecause the affidavit is neither referenced to in the pleadings nor integral to the plaintiff's claims, the Court will not consider this affidavit in deciding the defendants' motion to dismiss."). Thus, the undersigned submits that the court need not consider the affidavit of Samantha Matz at this juncture.

Hicks does not deny that he was found guilty after entering a plea of No Contest. "[Ohio] Crim.R. 11 states in part: "(B) Effect of guilty or no contest pleas. With reference to the offense or offenses to which the plea is entered: "* * * "(2) The plea of no contest is not an admission of defendant's guilt,… and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." *Steinke v. Allstate Ins. Co.* 86 Ohio App. 3d 798, *799; 621 N.E.2d 1275, **1276.

     Ohio Revised Code 2937.07 prohibits construing a no contest plea as an admission of facts at issue in the criminal charge or in any subsequent action. R.C. 2937.07 provides in pertinent part: "[A no contest plea] shall not be construed to import an admission of any fact at issue in the criminal charge in any subsequent action or proceeding, whether civil or criminal." Ohio Evid. R. 410 governs the admissibility of a no contest plea in a subsequent civil proceeding. That rule provides in part: "(A) Except

as provided in division (B) of this rule, evidence of the following is not admissible in any civil or criminal proceeding against the defendant who made the plea or who was a participant personally or through counsel in the plea discussions: "* * * "(2) A plea of no contest or the equivalent plea from another jurisdiction." In this case, Defendants are alleging that by entering the plea he acquiesced to the lawfulness of his arrest and the attendant facts.

It is clear that Crim.R. 11 and Evid.R. 410 prohibit the use of "a plea of no contest," not a conviction pursuant to a no contest plea. The Ohio Supreme Court specifically held in *State v. Mapes (1985)*, 19 Ohio St.3d 108, 111, 19 OBR 318, 320-321, 484 N.E.2d 140, 143, that "Crim.R. 11(B)(2) and Evid.R. 410 prohibit only the admission [**1278] of a no contest plea." The Ohio Supreme Court further held that: "…The purpose of Evid.R. 410 as it relates to criminal trials is to encourage and protect certain statements made in connection with plea bargaining and to protect the traditional characteristic of the no contest plea which is avoiding the admission of guilt that is inherent in pleas of guilty. See 1 Weissenberger, Ohio Evidence (1985) 55, Section 410.1 and Advisory Committee Notes to Fed.R.Evid. 410. The facts as alleged in the First Amended Complaint regarding Hicks' arrest are being misconstrued by the defendants in their motion.

By entering a plea of no contest Hicks did not assert that there was probable cause to arrest him. Hicks is challenging whether Turnure's actions(i.e., blocking of his airway with snow while held down by at least four other officers) after he was subdued and placed in handcuffs was excessive. As indicated in the Plaintiff's expert report (Exhibit 1) by Roy G. Taylor, Ph.D.,(which is attached merely for the purpose of

demonstrating that the issues raised in the defendants' motion for judgment on the pleadings disputed issues of fact), Defendants request for a dismissal pursuant to Fed. Civ. R. 12(c) should be denied.

**2. Hicks Federal Claims under 42 U.S.C. § 1983 and State Law Claims are not barred by the statute of limitations**

In his complaint and the first amended Complaints Hicks appropriately alleged violation of his constitutionally recognized rights under the Fourth, Eighth and Fourteenth Amendments to the U.S. Constitution. The underlying basis for the violation of Hicks' constitutional rights stems from Turnure's excessive use of forced, while acting under the color of law caused the injuries complained of in the complaint.

In 1985, the Supreme Court held that section 1983 claims were best characterized as tort actions for the recovery of damages for personal injuries and federal courts must borrow the statute of limitations governing personal injury actions in the state in which the section 1983 action was brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 85 L. Ed. 2d 254, 105 S. Ct. 1938 (1985). Four years later, in *Owens v. Okure*, 488 U.S. 235, 102 L. Ed. 2d 594, 109 S. Ct. 573 (1989), the Supreme Court refined its *Wilson* holding, and declared that in a state with more than one statute of limitations for personal injury actions, the state's residual or general statute of limitations governing personal injury actions is to be applied to all section 1983 actions brought in that state. Id. at 249-50. The ink was hardly dry on *Okure* when the U.S. Sixth Circuit Court of Appeals, sitting en banc, decided *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989). Noting that in *Okure*, the Supreme Court had "unanimously held that when a state, like Ohio, has multiple statutes of limitation for personal injury actions, the appropriate state statute of limitations to borrow for claims brought under 42 U.S.C. § 1983 is the residual or general

personal injury statute of limitations," *id*. at 991, The Sixth Circuit Court of Appeals held that "the appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code Ann. § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual." *Id*. at 992. Not only did the Court determine en banc in *Browning* that a two-year statute of limitations applies to section 1983 actions, but in two later cases, *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1105 (6th Cir. 1995), and *Kuhnle Brothers, Inc. v. County of Geauga*, 103 F.3d 516, 519-20 (6th Cir. 1997), the court squarely rejected attempts to get around *Browning*. As noted in *LRL Properties*, "it is the well-settled law of this Circuit that '[a] panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision.'" 55 F.3d at 1105 n.2 (quoting *Salmi v. Sec'y of Health & Human Servs.,* 774 F.2d 685, 689 (6th Cir. 1985)). There is no such inconsistent decision of either the Supreme Court or this court. The defendants' arguments for dismissal are an attempt to get around the rulings of this Court's prior ruling. Were this Court to accept the Defendants contentions that the statute of limitations has expired and to dismiss the First Amended Complaint would be inconsistent with the prior rulings of the U.S. Supreme Court.

3. Hicks's Malicious Prosecution and Conspiracy Claims should be litigated.

    Throughout the pendency of Hicks criminal case, the City of Akron offered to dismiss and/or reduce the charges Mr. Hicks could plead to in exchange for signing a release agreeing not to sue the City of Akron for the actions of its police

officers on February 7, 2021. At the plea hearing on July 22nd, 2022, after inquiry by Akron Municipal Court Judge Oldham regarding resolution of the case, Asst. City Law Director Volcek stated "… With regard to the criminal case, Your Honor, Mr. Hicks is withdrawing his former pleas of not guilty and enter a plea of no conteset to the charge of resisting arrest with the understanding that he will not have to sign an agreement relieving the City of any form of liability…" (Tr. P. 8 submit as an exhibit by Defendant). Prior to that resolution, the City of Akron had insisted that Mr. Hicks sign an agreement not to sue in exchange for a plea offer. As such, Defendants request for judgment on this matter should be denied.

The Intracorporate Conspiracy Doctrine Does Not Apply to Defendants. The defendants argue that since they are all employed by the City of Akron, that it cannot conspire with itself for purposes of the Plaintiff's Conspiracy claim. The Intracorporate Conspiracy doctrine states that " it is basic in the law of conspiracy that you must have two persons or entities to have a conspiracy. In this matter it is alleged that the two or more officers involved conspired to hide Turnure's actions from their superiors by not including Turnure's action, as required by the City of Akron's use of force policies and procedures. As such, Defendants motion on this matter should be denied.

**Conclusion**

If there is a theme to the Defendants Motion is that it fails to acknowledge that only a fuller record can supply the factual details behinds the allegations; and it appears that the defendants, rather than Hicks, should be afforded deference on its characterization of the facts, thereby implicitly calling for the Court to

11

base its decision on the motion on a summary judgment standard. For the reasons detailed in plaintiff's response, the Defendants motion should be denied in full.

Respectfully submitted:

*/S/ EMSipplen*
_____
**Eddie Sipplen # 0076712**
Attorney for Plaintiff
1655 West Market Street, Ste 505
Akron, OH  44313
330-374-5600 office

esipplen@sipplen.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2023 a true copy of the forgoing <u>Motion</u> has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

*/S/ EMSipplen*
_____
**Eddie Sipplen # 0076712**
Attorney for Plaintiff