# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Charles Hicks, II** | ) | CASE NO. 5:23-cv-00001 |
| *Plaintiff*, | ) ) ) | Judge Sara Lioi |
| v. | ) ) ) | |
| **City of Akron, Ohio, et al.,** | ) ) ) | **DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR JUDGMENT ON THE PLEADINGS** |
| *Defendants*. | | |

NOW comes Defendant Mike Caprez, in his official and individual capacity, by and through undersigned counsel, replying to Plaintiff Charles Hicks II's Response to Defendant Caprez's Motion for Judgment on the Pleadings. As set forth in the attached Memorandum in Support, the Plaintiff has still insufficiently pled Claims IX and X of the Amended Complaint and Defendant Caprez should be dismissed from this case.

Respectfully submitted,

DICAUDO, PITCHFORD & YODER, LLC

/s/ Thomas M. DiCaudo
Thomas M. DiCaudo (0040258)
Email: tdicaudo@dpylaw.com
J. Reid Yoder (0076587)
Email: ryoder@dpylaw.com
209 South Main Street, Third Floor
Akron, Ohio 44308
Telephone:330.762.7477
Facsimile:330.762.8059

# MEMORANDUM IN SUPPORT

I. **Relevant Facts**

The Defendant integrates herein the Relevant Facts section from the Motion for Judgment on the Pleadings that this Reply and the Plaintiff's Response are derived from.

II. **Law and Argument**

A. **Standard of Review**

The Defendant integrates herein the same Standard of Review from the Motion for Judgment on the Pleadings that this Reply and the Plaintiff's Response are derived from.

B. **The Plaintiff's pleadings are not sufficient to support a claim under 42 U.S.C. § 1983.**

Even when the Plaintiff's Amended Complaint (and supplemental filings) are taken in the light most favorable to the Plaintiff, they still do not support a failure to train/supervise. Beyond just pleading that an officer has insufficient training, and also that the same officer abused a plaintiff's civil rights, are not sufficient to support a *Monell* claim. The insufficient training must cause those kinds of civil rights violations, enough to constitute deliberate indifference by the government. *City of Canton v. Harris*, 489 U.S. 378, 399, 109 S. Ct. 1197 (1989). The Plaintiff claims that his allusions to an officer involved shooting are sufficient to support this cause of action are not correct. If Officer Turnure was alleged to have shot Mr. Hicks, then perhaps *Redrick* would be relevant. The Plaintiff does not allege that. The mere allegation that both incidents involve uses of force do not support this theory of liability any more than all due process allegations are analogous, or all free speech cases. The Plaintiff alleges that the Akron Officers "smother[ed] Hicks with snow." (Plt.'s Compl., ¶ 22). While this may be an unorthodox application of force, it

2

is so patently different from an officer involved shooting that it falls well outside this theory of liability.

**C. The Plaintiff did not address how Defendant Caprez could be subject to *Monell* liability.**

Plaintiff's Response makes no mention to this point, and Defendant reincorporates it herein. Additionally, the Defendant stresses that a claim for failure to supervise under 42 U.S.C. § 1983 is a theory of municipal liability under *Monell* and not available against an individual.

**D. Plaintiff has provided no substantive law to rebut the Intracorporate Conspiracy Doctrine.**

The Plaintiff has provided no law whatsoever to rebut this claim. Defendant Caprez provided multiple examples of cases where this Honorable Court and the Sixth Circuit have held that multiple employees of a municipal government being alleged of wrongdoing under 42 U.S.C. § 1983 do not rise to the level of a civil conspiracy because of the Intracorporate Conspiracy doctrine. See *Engle v. City of Cuyahoga Falls*, N.D.Ohio No. 5:14-cv-1161, 2015 U.S. Dist. LEXIS 80654 (June 22, 2015), and *Jackson v. City of Cleveland*, 925 F.3d 793 (6th Cir.2019).

**III. Conclusion**

The Plaintiff has failed to address two arguments which are sufficient to dismiss Defendant Caprez from this case. Additionally, the Plaintiff's argument as to municipal liability under a failure to train/supervise are prima facie insufficient because the Plaintiff has not alleged that the kind of force used in *Redrick* would put the City of Akron on notice as to be deliberately indifferent to its officers, specifically Officer Turnure, using snow to shock a suspect out of an excited state. In fact, the Plaintiff concedes that Akron itself disagreed with the allegation that Turnure had inappropriately applied force in *Redrick*. The Plaintiff is grasping at straws on these two claims,

and as such this Honorable Court should dismiss Defendant Caprez from this suit pursuant to Civ.R. 12(c).

                                        Respectfully submitted,

                                        DICAUDO, PITCHFORD & YODER, LLC

                                        /s/ Thomas M. DiCaudo
                                        Thomas M. DiCaudo (0040258)
                                        Email: tdicaudo@dpylaw.com
                                        J. Reid Yoder (0076587)
                                        Email:  ryoder@dpylaw.com
                                        209 South Main Street, Third Floor
                                        Akron, Ohio 44308
                                        Telephone:330.762.7477
                                        Facsimile:330.762.8059

## CERTIFICATE OF SERVICE

      The undersigned certifies that on December 7th, 2023, a copy of the foregoing was served upon counsel for all parties.

                                        /s/ Thomas M. DiCaudo
                                        Thomas M. DiCaudo (0040258)

                                        */s/ J. Reid Yoder*
                                        J. Reid Yoder (0076587)